RAMIRO MORALES, #167947
rmorales@mfrlegal.com
CHRISTINE M. FIERRO, #191660
cfierro@mfrlegal.com
MORALES FIERRO & REEVES
2151 Salvio Street, Suite 280
Concord, CA  94520
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Plaintiff
ACE AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC GENERAL INSURANCE CORPORATION, an Illinois corporation; SCOTTSDALE INSURANCE COMPANY, an Ohio corporation; WESCO INSURANCE COMPANY, a Delaware corporation; AMTRUST NORTH AMERICA, INC., a New York Corporation; and AMTRUST FINANCIAL SERVICES, a New York Corporation.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, EQUITABLE CONTRIBUTION, AND EQUITABLE SUBROGATION** |

Plaintiff ACE AMERICAN INSURANCE COMPANY alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff ACE AMERICAN INSURANCE COMPANY ("Plaintiff" or "ACE") was and is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

2. Defendant OLD REPUBLIC GENERAL INSURANCE CORPORATION ("Old Republic") was and is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. Plaintiff is informed and believes that Old Republic was and is licensed to do business in California.

1

COMPLAINT

3. Defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") was and is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. Plaintiff is informed and believes that Scottsdale was and is licensed to do business in California.

4. Defendant WESCO INSURANCE COMPANY was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York. Plaintiff is informed and believes that Wesco was and is licensed to do business in California.

5. Defendant AMTRUST NORTH AMERICA, INC., was and is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York. Plaintiff is informed and believes that AmTrust North America was and is licensed to do business in California.

6. Defendant AMTRUST FINANCIAL SERVICES was and is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York. Plaintiff is informed and believes that AmTrust Financial Services was and is licensed to do business in California. Wesco Insurance Company, AmTrust North America, Inc., and AmTrust Financial Services are hereinafter referred to as "Wesco." Old Republic, Scottsdale and Wesco are referred to herein jointly as "Defendants."

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. Section 1332 in that this matter is a civil dispute between citizens of different States in which the amount in controversy, exclusive of costs and interest, exceeds seventy-five thousand dollars ($75,000.00).

8. Venue is proper in the United States District Court for the Northern District of California in that all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced and there is no district in which the action may otherwise be brought. The subject matter of this action arose in this district; specifically, this dispute arises from an underlying action, *Mint Development, LP v. Layton Construction Company, LLP, et al.*, San Francisco Superior Court Case No. CGC-15-549603, into which the following actions were consolidated:

- *Layton v. Mint, GMS, U.S. Specialty Insurance Company, and International Fidelity*

2

COMPLAINT

- *Insurance Company*, San Francisco Superior Court Case No. CGC-15-549603;
- *Board of Trustees of California Ironworkers, et al., v. Mint Development,* San Francisco Superior Court Case No. CGC-15-546661;
- *Layton v. Mint, GMS, and Redwood*, San Francisco Superior Court Case No. CGC-15-547866;
- *Layton v. Mint, GMS, and Lefco*, San Francisco Superior Court Case No. CGC-15-549641;
- *Mint v. Layton and Liberty*, San Francisco Superior Court Case No. CGC-15-541661;
- *Mint v. Airco and Layton*, San Francisco Superior Court Case No. CGC-15-549818;
- *Redwood v. Mint and Layton*, San Francisco Superior Court Case No. CGC-15-547866;
- *Lefco v. Mint and Layton*, San Francisco Superior Court Case No. CGC-15-549641;
- *East West Bank v. Layton, Mint, Ganendra Singh, Monika Singh, and Liberty*, San Francisco Superior Court Case No. CGC-15-549503.

(This consolidated action, including all complaints, cross- and counter-complaints filed therein, hereinafter referred to as the "Underlying Action.") Additionally, the subject matter of the Underlying Action was a construction project located in San Francisco, California.

## GENERAL ALLEGATIONS

9. This insurance coverage action arises from a dispute regarding attorneys' fees and costs incurred in relation to the Underlying Action in which Mint Development, L.P. ("Mint") sought alleged damages from Layton Construction Company, Inc. ("Layton") arising out of the construction of a Hampton Inn hotel located at 942 Mission Street, San Francisco, California (the "Project"). Layton acted as the general contractor on the Project.

10. Layton entered into a subcontract with Silicon Valley Glass ("SVG") under which SVG was to and did provide work on the Project's buildings' exterior system, flashing and trim, insulation panels, joint sealants, seismic joint cover assemblies, doors, entrances, storefronts, and glazing. As part of the agreement between Layton and SVG, SVG was required to have Layton named as an additional insured on a primary and noncontributory basis under SVG's insurance policies.

11. Layton entered into a subcontract with Airco Mechanical, Inc. ("Airco") under which

3

COMPLAINT

Airco was to and did provide plumbing work for the Project. As part of the agreement between Layton and Airco, Airco was required to have Layton named as an additional insured on a primary and noncontributory basis under Airco's insurance policies.

12. In the Underlying Action Mint, as the owner of the Project, made claims for damages due to alleged construction problems and/or defects which resulted in property damage during the construction of the Project.

13. Layton was named as a defendant with respect to claims for damages because of "property damage" in the Underlying Action.

14. Mint alleged that some or all of the Project's alleged property damage claims arose out of SVG's and Airco's work. In its discovery responses in the Underlying Action, Mint specifically alleged that both SVG and Airco were negligent in the performance of their work on the Project and that their work caused property damage to the Project.

15. In response to Mint's claims in the Underlying Action, Layton brought a cross-complaint against SVG and Airco, among others, for indemnity, contribution, apportionment and declaratory relief.

16. Plaintiff issued one or more general liability policies to Layton (collectively the "ACE policies").

17. In response to a tender from Layton regarding the Underlying Action and pursuant to the terms of the ACE policies, ACE agreed to, and did, defend Layton in the Underlying Action under a reservation of rights, and incurred well in excess of $1,000,000 in attorney fees and costs defending Layton in the Underlying Action.

18. Scottsdale issued one or more primary comprehensive general liability policies to SVG, including but not limited to policy nos.BCS0030900 effective 10/1/13 to 10/1/14; BCS0032324 effective 10/1/14 to 10/1/15; and BCS003341 effective 10/1/15 to 10/1/16 (collectively the "Scottsdale policies").

19. Each of the Scottsdale policies includes a general liability form, which states that the insurer will pay sums that an insured becomes liable to pay for damages because of "property damage." The general liability form also obligates the insurer to defend any insured with respect to

a suit in which a potential exists that the insured will be liable for covered damages.

20. The Scottsdale policies each include one or more additional insured endorsements providing coverage for any organization for whom the named insured has agreed in writing to add as an additional insured under the policy for which SVG performed operations. The additional insured endorsements in the Scottsdale policies provide coverage for an additional insured with respect to liability arising out of "property damage" caused in whole or in part by SVG's acts or omissions in the performance of SVG's ongoing operations or completed work, performed on the additional insured's behalf.

21. The Scottsdale policies also contain an "Additional Insured-Owners, Lessees or Contractors Special Condition" endorsement which states that the additional insured coverage provided under both additional insured endorsements will be "primary and noncontributory" which means that Scottsdale agreed to not seek contribution from an additional insured's own insurance.

22. Layton tendered its defense with respect to the Underlying Action to Scottsdale.

23. Scottsdale denied that it owed any duty of defense to Layton with respect to the Underlying Action.

24. Old Republic issued one or more primary comprehensive general liability policies to Airco, including but not limited to policy nos. A1CG44311407 effective 7/1/14 to 7/1/15 (collectively the "Old Republic policies").

25. Each of the Old Republic policies includes a general liability form, which states that the insurer will pay sums that an insured becomes liable to pay for damages because of "property damage." The general liability form also obligates the insurer to defend any insured with respect to a suit in which a potential exists that the insured will be liable for covered damages.

26. The Old Republic policies contain additional insured endorsements which provide coverage for any organization for whom the named insured has agreed in writing to add as an additional insured under the policy for which Airco performed operations. The additional insured endorsements in the Old Republic policies provide coverage for an additional insured with respect to liability arising out of "property damage" caused in whole or in part by Airco's acts or omissions, in the performance of Airco's operations or completed work, performed on the additional insured's

5

COMPLAINT

behalf.

27. The Old Republic policies also contain an "Changes Additional Insured Primary Wording Schedule" endorsement which provides that the policies' additional insured coverage under the additional insured endorsements will be primary insurance and that Old Republic will not seek contribution from an additional insured's own insurance.

28. Layton tendered its defense with respect to the Underlying Action to Old Republic.

29. Old Republic did not respond to the tender in a timely fashion and failed to defend Layton fully with respect to the Underlying Action.

30. Wesco issued one or more primary comprehensive general liability policies to Airco, including but not limited to policy nos.WPP138355200 effective 7/1/15 to 7/1/16 (collectively the "Wesco policies").

31. The Wesco policies contain additional insured endorsements which provide coverage for any organization for whom the named insured has agreed in writing to add as an additional insured under the policy for which Airco performed operations. The endorsements provide coverage for an additional insured with respect to liability arising out of "property damage" caused in whole or in part by Airco's acts of omissions, in the performance of Airco's ongoing operations or completed work performed on the additional insured's behalf. The endorsements state that the additional insured coverage provided under the Wesco policies will be "primary and noncontributory" and that any insurance maintained by an additional insured will be excess Wesco's policies.

32. Layton tendered its defense with respect to the Underlying Action to Wesco. Wesco acknowledged in writing that it owed a duty to defend Layton in the Underlying Action in response to Layton's tenders but subsequently wrongly failed to defend Layton fully with respect to the Underlying Action.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief – Duty to Defend)**
**(As Against Scottsdale)**

33. ACE incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the first cause of action are based.

6
COMPLAINT

34. Pursuant to the Scottsdale policies, Scottsdale had a duty to defend Layton in the Underlying Action, but failed to fulfill its obligations under the Scottsdale policies. Scottsdale contends otherwise.

35. By reason of the foregoing, an actual controversy exists between the parties which requires a declaratory judgment of this Court in substantially the following form: Scottsdale was obligated to defend Layton in the Underlying Action under the Scottsdale policies, but failed to fulfill its duty, and must therefore reimburse ACE for the attorney's fees and costs that ACE inequitably incurred in defending Layton in the Underlying Action.

36. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the insurance policies.

WHEREFORE, Plaintiff prays for judgment against Scottsdale as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Equitable Indemnity)**
**(As Against Scottsdale)**

37. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the second cause of action are based.

38. Scottsdale owed a primary and noncontributory duty to defend Layton in the Underlying Action.

39. In light of Scottsdale's erroneous and wrongful failure to defend Layton, ACE defended Layton against the Underlying Action. As a result of the conduct of Scottsdale, ACE paid sums in excess of its equitable share of defense fees and costs incurred in defending Layton in the Underlying Action. The amounts paid by ACE for defense were amounts that Scottsdale was obligated to pay and which in equity and good conscience should have been paid by Scottsdale.

40. Accordingly, ACE is entitled to reimbursement from Scottsdale of all sums ACE paid in connection with defending Layton in the Underlying Action.

WHEREFORE, ACE prays for judgment against Scottsdale as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Equitable Contribution)**
**(As Against Scottsdale)**

41. Plaintiff incorporates by reference as though fully set forth herein the allegations in

7
COMPLAINT

all of the preceding paragraphs, on which the allegations of the third cause of action are based.

42. Scottsdale owed a duty to defend Layton against the Underlying Action.

43. In providing a defense to Layton in the Underlying Action, ACE has incurred attorney's fees and costs in excess of its equitable share.

44. Scottsdale failed to contribute its fair and equitable share toward the fees and costs that were incurred in defending Layton in the Underlying Action. Scottsdale has an obligation to reimburse ACE, on an equitable basis, for fees and costs it incurred to defend Layton in the Underlying Action. The amount due from Scottsdale for its fair and equitable share of attorney's fees and costs will be determined according to proof at trial.

45. Scottsdale is obligated under the principals of equity to reimburse ACE for the fees and costs it inequitably incurred in defending Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Scottsdale, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Equitable Subrogation)**
**(As Against Scottsdale)**

46. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the fourth cause of action are based.

47. Scottsdale was obligated under the Scottsdale policies to defend Layton against the Underlying Action.

48. Layton performed all conditions giving rise to Scottsdale's obligation to defend or, alternatively, was excused from performing any conditions giving rise to Scottsdale's obligation to defend.

49. Scottsdale breached its obligation to Layton by refusing to fully defend Layton against the Underlying Action under the Scottsdale policies.

50. As a result of Scottsdale's erroneous and wrongful failure to fully defend Layton, ACE was forced to, and without acting as a volunteer, defend Layton against the Underlying Action.

51. ACE has compensated Layton for the loss for which Scottsdale is primarily liable.

52. Layton has an existing, assignable cause of action against Scottsdale which the

8

COMPLAINT

insured could have asserted for its own benefit had it not been compensated for its loss by ACE.

53. ACE has suffered damages caused by the act or omission upon which the liability of Scottsdale depends.

54. Justice requires that the loss be entirely shifted from Plaintiff to Scottsdale, whose equitable position is inferior to that of Plaintiff.

55. Plaintiff's damages are in a liquidated sum, which amount has been paid to defend the claims against Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Scottsdale, as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Declaratory Relief – Duty to Defend)
### (As Against Old Republic)

56. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the fifth cause of action are based.

57. Plaintiff contends, pursuant to the Old Republic policies, that Old Republic had a duty to defend Layton in the Underlying Action. Old Republic contends otherwise.

58. By reason of the foregoing, an actual controversy exists between the parties which requires a declaratory judgment of this Court in substantially the following form: Old Republic was obligated to defend Layton in the Underlying Action under the Old Republic policies, but failed to fulfill its duty, and must therefore reimburse Plaintiff for the attorney's fees and costs that Plaintiff inequitably incurred in defending Layton in the Underlying Action.

59. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the insurance policies.

WHEREFORE, Plaintiff prays for judgment against Old Republic, as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Equitable Indemnity)
### (As Against Old Republic)

60. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the sixth cause of action are based.

61. Old Republic owed a primary and noncontributory duty to defend Layton in the Underlying Action.

62. In light of Old Republic's erroneous and wrongful failure to defend Layton, ACE defended Layton against the Underlying Action. As a result of the conduct of Old Republic, ACE paid sums in excess of its equitable share of defense fees and costs incurred in defending Layton in the Underlying Action. The amounts paid by ACE for defense were amounts that Old Republic was obligated to pay and which in equity and good conscience should have been paid by Scottsdale.

63. Accordingly, ACE is entitled to reimbursement from Old Republic of all sums ACE paid in connection with defending Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Old Republic, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Equitable Contribution)
### (As Against Old Republic)

64. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the seventh cause of action are based.

65. Old Republic owed a duty to defend Layton against the Underlying Action.

66. In providing a defense to Layton in the Underlying Action, ACE has incurred attorney's fees and costs in excess of its equitable share.

67. Old Republic failed to contribute its fair and equitable share toward the fees and costs that were incurred in defending Layton in the Underlying Action. Old Republic has an obligation to reimburse ACE, on an equitable basis, for fees and costs it incurred to defend Layton in the Underlying Action. The amount due from Old Republic for its fair and equitable share of attorney's fees and costs will be determined according to proof at trial.

68. Old Republic is obligated under the principals of equity to reimburse ACE for the fees and costs it inequitably incurred in defending Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Old Republic, as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Equitable Subrogation)
### (As Against Old Republic)

69. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the eighth cause of action are based.

70. Old Republic was obligated under the Old Republic policies to defend Layton

against the Underlying Action.

71. Layton performed all conditions giving rise to Old Republic's obligation to defend or, alternatively, was excused from performing any conditions giving rise to Old Republic's obligation to defend.

72. Old Republic breached its obligation to Layton by refusing to fully defend Layton against the Underlying Action under the Old Republic policies.

73. As a result of Old Republic's erroneous and wrongful failure to fully defend Layton, ACE was forced to, and without acting as a volunteer, defend Layton against the Underlying Action.

74. ACE has compensated Layton for the loss for which Old Republic is primarily liable.

75. Layton has an existing, assignable cause of action against Old Republic which the insured could have asserted for its own benefit had it not been compensated for its loss by ACE.

76. ACE has suffered damages caused by the act or omission upon which the liability of Old Republic depends.

77. Justice requires that the loss be entirely shifted from Plaintiff to Old Republic, whose equitable position is inferior to that of Plaintiff.

78. Plaintiff's damages are in a liquidated sum, which amount has been paid to defend the claims against Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Old Republic, as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**(Declaratory Relief – Duty to Defend)**
**(As Against Wesco)**

79. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the ninth cause of action are based.

80. Plaintiff contends, pursuant to the Wesco policies, that Wesco had a duty to defend Layton in the Underlying Action, but failed to do so. Wesco contends otherwise.

81. By reason of the foregoing, an actual controversy exists between the parties which requires a declaratory judgment of this Court in substantially the following form: Wesco is obligated to defend Layton in the Underlying Action under the Wesco policies, but failed to fulfill

its duty, and must therefore reimburse Plaintiff for the attorney's fees and costs that Plaintiff inequitably incurred in defending Layton in the Underlying Action.

82. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the insurance policies.

WHEREFORE, Plaintiff prays for judgment against Wesco, as hereinafter set forth.

**TENTH CAUSE OF ACTION**
**(Equitable Indemnity)**
**(As Against Wesco)**

83. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the tenth cause of action are based.

84. Wesco owed a primary and noncontributory duty to defend Layton in the Underlying Action.

85. Wesco has not paid its equitable share of the defense fees and costs paid in connection with defending Layton in the Underlying Action while Plaintiff has paid sums in excess of its equitable share of defense fees and costs.

86. Accordingly, Plaintiff is entitled to reimbursement from Wesco of all sums Plaintiff has paid in excess of its equitable share in connection with defending Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Wesco as hereinafter set forth.

**ELEVENTH CAUSE OF ACTION**
**(Equitable Contribution)**
**(As Against Wesco)**

87. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the eleventh cause of action are based.

88. Wesco has an obligation to reimburse Plaintiff, on an equitable basis, for fees and costs it incurred to defend Layton in the Underlying Action.

89. In providing a defense to Layton in the Underlying Action, Plaintiff has incurred attorney's fees and costs in excess of its equitable share.

90. Wesco failed to contribute its fair and equitable share toward the fees and costs that were incurred in defending Layton in the Underlying Action. The amount due from Wesco for its

fair and equitable share of attorney's fees and costs will be determined according to proof at trial.

91. Wesco is obligated under the principals of equity to reimburse Plaintiff for the fees and costs it inequitably incurred in defending Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Wesco, as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
### (Equitable Subrogation)
### (As Against Wesco)

92. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of the twelfth cause of action are based.

93. Wesco was obligated under the Wesco policies to defend Layton against the Underlying Action.

94. Layton performed all conditions giving rise to Wesco's obligation to defend or, alternatively, was excused from performing any conditions giving rise to Wesco's obligation to defend.

95. Wesco breached its obligation to Layton by refusing to fully defend Layton against the Underlying Action under the Wesco policies.

96. As a result of Wesco's erroneous and wrongful failure to fully defend Layton, ACE was forced to, and without acting as a volunteer, defend Layton against the Underlying Action.

97. ACE has compensated Layton for the loss for which Wesco is primarily liable.

98. Layton has an existing, assignable cause of action against Wesco which the insured could have asserted for its own benefit had it not been compensated for its loss by ACE.

99. ACE has suffered damages caused by the act or omission upon which the liability of Wesco depends.

100. Justice requires that the loss be entirely shifted from Plaintiff to Wesco, whose equitable position is inferior to that of Plaintiff.

101. Plaintiff's damages are in a liquidated sum, which amount has been paid to defend the claims against Layton in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Wesco, as hereinafter set forth.

/ / /

13

COMPLAINT

**PRAYER FOR RELIEF**

AS TO THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AS TO SCOTTSDALE'S DUTY TO DEFEND:

1. For a declaration and determination that Scottsdale owes an obligation to defend Layton in connection with the Underlying Action;

2. For a declaration and determination as to the amount that Scottsdale must pay to Plaintiff to satisfy its obligations;

3. For monetary damages according to proof at trial;

4. For interest;

5. For all other relief the Court deems just and proper.

AS TO THE FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF AS TO OLD REPUBLIC'S DUTY TO DEFEND:

1. For a declaration and determination that Old Republic owes an obligation to defend Layton in connection with the Underlying Action;

2. For a declaration and determination as to the amount that Old Republic must pay to Plaintiff to satisfy its obligations;

3. For monetary damages according to proof at trial;

4. For interest;

5. For all other relief the Court deems just and proper.

AS TO THE NINTH CAUSE OF ACTION FOR DECLARATORY RELIEF AS TO WESCO'S DUTY TO DEFEND:

1. For a declaration and determination that Wesco owes an obligation defend Layton in connection with the Underlying Action;

2. For a declaration and determination as to the amount that Wesco must pay to Plaintiff to satisfy its obligations;

3. For monetary damages according to proof at trial;

4. For interest;

5. For all other relief the Court deems just and proper.

COMPLAINT

AS TO THE SECOND, SIXTH, AND TENTH CAUSES OF ACTION FOR EQUITABLE INDEMNITY REGARDING THE DUTY TO DEFEND; THE THIRD, SEVENTH AND ELEVENTH CAUSES OF ACTION FOR EQUITABLE CONTRIBUTION REGARDING THE DUTY TO DEFEND; and THE FOURTH, EIGHTH AND TWELFTH CAUSES OF ACTION FOR EQUITABLE SUBROGATION:

1. For a monetary award according to proof at trial;
2. For attorneys' fees;
3. For interest;
4. For all other relief the Court deems just and proper.

Dated: January 21, 2020                           MORALES FIERRO & REEVES

By  */s/ Christine M. Fierro*
    Ramiro Morales
    Christine M. Fierro
    Attorneys for Plaintiff ACE AMERICAN INSURANCE COMPANY