UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>OLD REPUBLIC GENERAL INSURANCE CORPORATION, et al.,<br><br>    Defendants. | Case No. 20-cv-00482-WHO<br><br>**ORDER DENYING WESCO INSURANCE COMPANY'S MOTION TO DISMISS SCOTTSDALE INSURANCE COMPANY'S CROSS-COMPLAINT**<br><br>Re: Dkt. No. 36 |

This insurance coverage action arises from a dispute regarding attorneys' fees and costs incurred in relation to an underlying state court case. Plaintiff ACE American Insurance Company ("ACE") alleges that other insurance companies owe an obligation to defend Layton Construction Company, LLC ("Layton") as an additional insured and must therefore contribute all or a proportionate share of the defense fees that it incurred in defending Layton. Defendant Wesco Insurance Company ("Wesco") filed a crossclaim against defendant Scottsdale Insurance Company ("Scottsdale") for equitable contribution and Scottsdale filed a crossclaim against Wesco for declaratory relief that it did not owe Layton a duty to defend and therefore does not owe reimbursement to Wesco.

Before me is Wesco's motion to dismiss Scottsdale's declaratory relief crossclaim for lack of subject matter jurisdiction. I find that an actual controversy exists in the crossclaim and choose to exercise my discretion to take jurisdiction over it. Although the crossclaim seems redundant of other claims pending in this action, dismissing it at this stage may be premature. Wesco's motion to dismiss is DENIED.

# BACKGROUND

## I. FACTUAL BACKGROUND

### A. The Underlying Action

ACE is a general liability insurer of Layton, which was the general contractor for the construction of the Hampton Inn located at 942 Mission Street, San Francisco, California (the "Project"). *See* Complaint ("Compl.") [Dkt. No. 1] ¶¶ 9, 17. Mint Development L.P. ("Mint") is the owner of the Project. *Id.* ¶ 12. Layton hired two subcontractors, Silicon Valley Glass ("SVG") and Airco Mechanical Inc. ("Airco"). *Id.* ¶¶ 10–11. As part of the hiring agreement, Layton required SVG and Airco to name it as an additional insured party on a primary and noncontributory basis to their respective general liability policies. *Id.* ¶¶ 10–11. Old Republic General Insurance ("Old Republic") issued one or more comprehensive general liability policies to Airco. *Id.* ¶ 24. Wesco also issued one or more comprehensive general liability policies to Airco (collectively the "Wesco Policies"). *Id.* ¶ 30. Scottsdale issued one or more comprehensive general liability policies to SVG (collectively the "Scottsdale Policies). *Id.* ¶ 18.

Mint filed a civil action in San Francisco Superior Court (the "Underlying Action") against Layton for property damage caused by negligent construction defects. Compl. ¶¶ 8, 13–14. The parties do not dispute that the Underlying Action, *Mint Development, LP v. Layton Construction Company, LLP, et al.*, Case No. CGC-15-549603, is now resolved. *See id.* ¶ 8; Wesco Motion to Dismiss Scottsdale's Cross-Complaint for Lack of Subject Matter Jurisdiction ("MTD") [Dkt. No. 36] 3.

Layton tendered its defense in the Underlying Action to ACE, Old Republic, Scottsdale, and Wesco. Compl. ¶¶ 17, 22, 28, 32. ACE defended Layton and incurred over one million dollars in attorney's fees and costs. *Id.* ¶ 17. Old Republic failed to respond to Layton's tender in a timely manner and did not defend Layton fully in the Underlying Action. *Id.* ¶¶ 28–29. Scottsdale denied that it owed any duty to Layton in the Underlying Action and failed to defend Layton fully. *Id.* ¶¶ 22–23. Wesco acknowledged that it owed a duty to defend Layton in the Underlying Action, but ACE alleges that it failed to fully defend Layton; Wesco disagrees and contends that it paid its equitable share to Layton's defense. *Id.* ¶ 32; Wesco Insurance

2

Company's Cross-Complaint Against Scottsdale Insurance Company for Contribution ("Wesco CC") [Dkt. No. 20] ¶ 21.

### B. The Insurance Policies

The Wesco Policies and the Scottsdale Policies both contain additional insured endorsements that provide coverage for any organization for whom the named insured has in writing agreed to add as an additional insured under the policy for which the named insured performs. Compl. ¶¶ 20, 31; *see* Wesco CC ¶ 5; Scottsdale's Answer to Wesco's Crossclaim and Crossclaim Against Wesco ("Scottsdale Answer" or "Scottsdale CC") [Dkt. No. 32] (Scottsdale's crossclaim incorporates by reference the allegations set forth in the Wesco's crossclaim). The endorsements provide coverage for an additional insured with respect to liability arising out of "property damage" caused in whole or in part by the named insured's acts or omissions in the performance of the named insured's ongoing operations or of completed work performed on the additional insured's behalf. Compl. ¶¶ 20, 31; Scottsdale Answer at 7–8 (listing affirmative defenses). The endorsements state that the additional insured coverage provided under the policies will be "primary and noncontributory." Compl. ¶¶ 21, 31.

### C. Crossclaims Between Wesco and Scottsdale

Wesco claims that, in the Underlying Action, Mint alleged that SVG's work, at least in part, caused or contributed to some and/or all of the damages for which Layton faced potential liability to Mint. Wesco CC ¶ 16. Therefore, it contends that Layton qualifies as an additional insured under the Scottsdale Policies. *Id.* ¶ 19. While Wesco paid, at minimum, its equitable share, it asserts that Scottsdale failed to defend Layton and paid no amounts toward its defense. *Id.* ¶ 21. Wesco was compelled to pay a disproportionate percentage of Layton's defense fees due to Scottsdale's failure to contribute and seeks reimbursement from Scottsdale in its crossclaim. *Id.* ¶ 27.

Scottsdale denies these claims and contends that Layton was not an additional insured under its policies. Scottsdale Answer 8. While it admits that Mint included SVG in a list of negligent subcontractors in the Underlying Action, it argues that Mint did not clearly allege that SVG's work caused property damage. *Id* ¶ 24. Accordingly, it seeks declaratory relief that "[it]

was not obligated to defend Layton Construction in the Underlying Action under [its own] policies, and therefore does not owe Wesco for the attorneys' fees and costs that Wesco alleges it inequitably incurred in defending Layton Construction in the Underlying Action." Scottsdale CC ¶ 9.

## II. PROCEDURAL BACKGROUND

On March 20, 2020, ACE filed a complaint against Old Republic, Wesco and Scottsdale for the following four claims: (i) declaratory relief on each defendant's duty to defend Layton; (ii) equitable indemnity; (iii) equitable contribution; and (iv) equitable subrogation. *See* Compl. ¶¶ 33–101. Wesco subsequently filed a crossclaim against Scottsdale for equitable contribution for attorney's fees and costs it incurred contributing to Layton's defense in the Underlying Action. *See* Wesco CC ¶ 27. In response, Scottsdale filed a crossclaim against Wesco seeking a declaratory judgment that Scottsdale did not owe Layton a duty to defend, and therefore does not owe Wesco reimbursement. *See* Scottsdale CC ¶ 9. On May 11, 2020, Wesco filed a motion to dismiss Scottsdale's crossclaim for lack of subject matter jurisdiction. I heard oral argument on June 19, 2020.[1]

## LEGAL STANDARD

## I. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A motion to dismiss filed under Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge under Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the

---

[1] Scottsdale's request for judicial notice of the pleadings filed in this case is GRANTED. Scottsdale Insurance Company's Request for Judicial Notice in Support of its Opposition to Wesco's Motion to Dismiss [Dkt. No. 40].

allegations pleaded in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted).

## II. MOTION TO DISMISS A DECLARATORY RELIEF ACTION BROUGHT UNDER THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

Under the Declaratory Judgment Act, the court "may declare the rights and other legal relations of any interested party seeking such declaration" when there is an "actual controversy." 28 U.S.C. § 2201(a); *see also* U.S. Const. art. III, § 2, cl. 1 (limiting the federal judicial power to actual cases and controversies). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citation omitted).

The burden is on the party seeking declaratory relief to establish the existence of an actual controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). If the court determines that an actual controversy does not exist, it may dismiss the declaratory relief action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

If the court determines that an actual controversy does exist, it must then decide "whether to exercise its discretion to take jurisdiction over the declaratory judgment action." *Principal Life Ins. Ca v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2004). In making this determination, "[t]he

1  district court should avoid needless determination of state law issues; it should discourage litigants
2  from filing declaratory actions as a means of forum shopping; and it should avoid duplicative
3  litigation." *Government Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

**DISCUSSION**

Wesco argues that Scottsdale's crossclaim should be dismissed for lack of subject matter jurisdiction because Scottsdale seeks declaratory judgment concerning a "past duty" to defend Layton as an additional insured in the Underlying Action, which has resolved and thus Scottsdale can no longer defend Layton. MTD 3. Even if an actual controversy exists, it contends that I should exercise my discretion to decline jurisdiction because Scottsdale's crossclaim for declaratory relief is unnecessary and redundant. *Id.*

## I. ARTICLE III CASE-OR-CONTROVERSY

The Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 n. 2 (9th Cir. 1998) (citation omitted). It has also held that an "insurer's declaratory judgment action regarding its duty to defend and indemnify [is] sufficiently ripe, even when the underlying liability action in state court had not yet proceeded to judgment." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994).

There is no question that a declaratory relief claim is ripe because the Underlying Action has resolved. But the situation here is slightly different – the dispute is between multiple insurers over the duties imposed in their respective insurance policies. The parties do not address whether this necessarily distinguishes it from Ninth Circuit case law cited above.

Instead, Scottsdale articulates its injury in a different way. It claims that the injury it faces here is Wesco's crossclaim itself – a request for monetary judgment based upon the position that Scottsdale had a duty to defend Layton in the Underlying Action. Scottsdale's Response to Wesco's Motion to Dismiss ("Oppo.") [Dkt. No. 39] 8. Wesco contends that this argument shows that Scottsdale's alleged monetary injury is contingent upon finding that it owed a duty to defend Layton in the Underlying Action and that such a contingent economic injury is insufficient to

6

1  satisfy the "injury in fact" requirement. *See Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th

2  Cir. 2009). ("[I]f the contingent events do not occur, the plaintiff likely will not have suffered an

3  injury that is concrete and particularized enough to establish the first element of standing.").

4  But a contingent injury can be sufficient where it has actual or imminent consequences.

5  *See Northfield Ins. Co. v. Civic Ctr. Hotel, LLC*, 239 F. Supp. 3d 1163, 1170 (N.D. Cal. 2017)

6  (rejecting insured's argument that there was no actual controversy over insurer's declaratory relief

7  claim because it rested upon contingent future events, including the outcome of the underlying

8  state action or the possibility that the state action may be settled). For pleading purposes,

9  Scottsdale's crossclaim for declaratory judgment satisfies Article III's case or controversy

10  requirement.

**II.  DISCRETIONARY EXERCISE OF JURISDICTION OVER DECLARATORY RELIEF ACTION**

Given that an actual controversy exists, I must decide "whether to exercise [my] discretion to take jurisdiction over the declaratory judgment action." *Principal Life*, 394 F.3d at 669. Under the Declaratory Judgment Act, courts "have [the] discretion to dismiss counterclaims under [Federal Rule of Civil Procedure] 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Allstate Ins. Co. v. Pira*, No. C 11-3511 CW, 2012 WL 1997212, at *5 (N.D. Cal. Jun. 4, 2012) (citation omitted).[2] Courts have dismissed claims for declaratory relief where they have found them to be "repetitious of the issues already before the court via the complaint or affirmative defenses." *Stickrath v. Globalstar, Inc.*, 07-CV-1941-TEH, 2008 WL 2050990, *5–7 (N.D. Cal. May 13, 2008).[3] However, a court should

---

[2] Though styled as a motion to dismiss under Rule 12(b)(1), Wesco's argument focuses on the crossclaim's superfluousness and redundancy and therefore draws from Rule 12(f). *See AGCS Marine Ins. Co. v. Tutor Perini Corp.*, No. C 17-00544 WHA, 2017 WL 2720187, at *3 (N.D. Cal. Jun. 22, 2017) (noting that defendant's motion was brought under Rule 12(b)(6), but the thrust of its argument was about the counterclaim's superfluousness and redundancy and therefore "seems to draw from Rule 12(f)").

[3] Federal Rule of Civil Procedure 41(a) bars plaintiffs from voluntarily and unilaterally dismissing a complaint once a defendant has filed its answer. Some courts have understood this rule to provide "sufficient protection for defendant against plaintiff's withdrawal and therefore a counterclaim for a declaratory judgment involving the same transaction as plaintiff's claim is wholly redundant and does not serve any useful purpose." 6 Wright and Miller, Fed. Prac. &

7

1    dismiss or strike a redundant counterclaim only when it truly "serves no useful purpose" and "only
2    when it is clear that there is a complete identity of factual and legal issues between the complaint
3    and the counterclaim." *Id.* at *4 (internal quotation marks and citation omitted).
4        Wesco contends that its crossclaim against Scottsdale, as with ACE's Complaint, is
5    necessarily predicated upon a determination that Scottsdale owed a duty to defend Layton as an
6    additional insured in the Underlying Action, as only in such event could either party obtain relief
7    sought against Scottsdale in this action.  MTD 3.  Accordingly, it argues that Scottsdale's
8    crossclaim for declaratory relief is redundant and "will neither serve a useful purpose in clarifying
9    and settling the legal relations in issue nor terminate the proceedings and afford relief from the
10   uncertainty and controversy faced by the parties." Wesco's Reply in Support of Motion to Dismiss
11   Scottsdale's Cross-Complaint ("Reply") [Dkt. No. 43] 2–3 (quoting *United States v. Wash.*, 759
12   F.2d 1353, 1356-57 (9th Cir. 1985) (en banc)).
13       Scottsdale responds that resolution of ACE's claims against Scottsdale alone cannot
14   provide the affirmative relief it seeks with respect to any alleged obligation to Wesco concerning
15   Layton's defense.  Oppo. 14.  For example, it seeks the same kind of declaratory relief in a
16   similarly-worded counterclaim against ACE, but prevailing on that counterclaim would only
17   provide it affirmative relief as to any obligation owed to ACE. *Compare* Scottsdale Insurance
18   Company's Counterclaim [Dkt. No. 17] 19 ("For a declaration and determination that Scottsdale
19   does not owe *ACE American* reimbursement for attorneys' fees and costs *ACE American* incurred
20   defending Layton Construction in the Underlying Action.") *with* Scottsdale CC at 13 ("For a
21   declaration and determination that Scottsdale does not owe *Wesco* reimbursement for attorney's
22   fees and costs *Wesco* incurred defending Layton Construction in the Underlying Action.")
23   (emphasis added).[4]  In other words, a favorable ruling on Scottsdale's crossclaim against Wesco

---

Proc. Civ., § 1406 (3d ed. 2012).  This is the reasoning behind dismissing counterclaims that raise the same issues found in the complaint or affirmative defenses of the answer.  *Id.*

[4] Scottsdale recently filed a similarly-worded crossclaim against Old Republic as well.  Scottsdale Insurance Company's Crossclaim Against Old Republic [Dkt. No. 51] 15 ("For a declaration and determination that Scottsdale does not owe *Old Republic* reimbursement for attorney's fees and costs [Old Republic] incurred defending Layton Construction in the Underlying Action.") (emphasis added).

8

will result in judgment affording it affirmative relief that it is not obligated to reimburse Wesco any sums which it allegedly expended for Layton's defense; the same cannot be achieved were it to prevail on other claims pending in this action even though the issues are similar.

Scottsdale cites several cases in support of this contention. *See Ironshore Specialty Insurance Co. v. Conemaugh Health System, Inc.*, 423 F. Supp. 3d 139, 161 (W.D. Penn. 2019) ("[A] court may often be reluctant to dismiss a counterclaim for declaratory judgment where the determination involves interpreting a contract, even where the issues are identical, because rulings for a plaintiff on its claim does not necessarily mean that the defendant would be entitled to judgment on its claim."); *Barnett v. Platinum Equity Capital Partners, II, L.P.*, No. 2:16-cv-1668, 2017 WL 3190654, at *5 (W.D. Pa. Jul. 27, 2017) (explaining the reason for this reluctance is because "[a] ruling adverse to plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one") (citation omitted); *Vermont Mut. Ins. Co. v. Zamsky*, No. CIV.A. 11-11869-NMG, 2012 WL 6864702, at *1 (D. Mass. Dec. 17, 2012), report and recommendation adopted (Jan. 11, 2013), *aff'd* (Oct. 9, 2013) (defendants who prevailed on motion for summary judgment were "only entitled to defeat the plaintiff's prayer for a declaratory judgment," and were "not entitled to declaratory judgment in their favor" because they did not seek affirmative relief by counterclaim). Wesco fails to address these cases in its reply.

Scottsdale's argument is persuasive. While the crossclaim seems redundant to claims already at issue in this case, there is a possibility that disposing of it at this early stage may preclude Scottsdale from obtaining the kind of affirmative relief it seeks against Wesco. *See AGCS Marine Ins. Co. v. Tutor Perini Corp.*, No. C 17-00544 WHA, 2017 WL 2720187, at *3–4 (N.D. Cal. Jun. 22, 2017) (although striking the redundant counterclaim was a viable option, "its presence in the case is, at most, a theoretical problem at this time" because "[t]here is no practical difference one way or the other, and there is some chance that disposing of it at this early stage may eventually prove premature"). Whether or not the crossclaim is truly redundant may become

9

clearer as this case proceeds, but in the meantime, there is no harm in allowing it to remain. *See id.* (declining to strike counterclaim as redundant but "expressly reserve[ing] the possibility that it may be stricken later on if no justification for its continued presence emerges, including to simplify the issues needing resolution at trial"); *Stickrath*, 2008 WL 2050990, at *5 (the safer course is to deny the request to strike the counterclaim unless there is no doubt that it will be rendered moot by the adjudication of the main action).

Accordingly, I choose to exercise my discretion to take jurisdiction over Scottsdale's declaratory relief crossclaim against Wesco because, at this stage, I cannot conclude that it truly serves no useful purpose.

## CONCLUSION

For the foregoing reasons, Wesco's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: July 15, 2020

William H. Orrick
United States District Judge